**Rafael BUENO, Plaintiff–Appellant,**

**v.**

**Maude HURD, Ismene Speliotis, Jerome Waxenberg, Norwax Associates Inc., Robert Sardina, Traffic–Moving Systems Inc., Kevin Walsh, Webster Lock Smith, Martha E. Stark, Alex Avitabile, Neighborhood Restore, Will Rogers, President, Trust for Public Lands, Rose Harvey, Michael Bosnick, Marshall Kaminer, Earl Prentice, John Doe, and Jane Doe, Defendants–Appellees.**

No. 05–3150–CV.

United States Court of Appeals,
Second Circuit.

April 11, 2006.

Rafael Bueno, Bronx, NY, for Plaintiff, pro se.

Glen H. Parker, Hoey, King, Toker & Epstein, New York, NY, for Defendants.

PRESENT: JOSÉ A. CABRANES, SONIA SOTOMAYOR, Circuit Judges and JOHN GLEESON, District Judge.*

## SUMMARY ORDER

In May 2005, plaintiff *pro se* Rafael Bueno filed the instant action seeking injunctive and compensatory relief with regard to his eviction from a building in Bronx County, New York and the closure of a nearby community garden. We assume the parties' familiarity with the underlying facts and procedural history.

The District Court, in a thoughtful and comprehensive opinion, dismissed plaintiff's complaint in its entirety, holding that (1) the Court lacked diversity jurisdiction over the suit because plaintiff and at least twelve of the defendants resided in New York, *Bueno v. Hurd*, No. 05 Civ. 5215, Order of Dismissal, at 4–5 (S.D.N.Y. June 1, 2005); (2) plaintiff's claim challenging the 1997 and 2004 state court orders to vacate the premises in question did not raise a federal question for purposes of subject matter jurisdiction, *id.* at 5; (3) plaintiff's claim that he had been wrongfully evicted and denied due process was unsupported, inasmuch as plaintiff had already availed himself of the New York state courts and simply sought to "recloak[ ]" his state law claims in "constitutional garb," *id.* at 5–6 (internal quotation marks omitted); (4) plaintiff's equal protection claim of racial discrimination was "conclusory" and failed to offer any facts to show that defendants had either impaired a fundamental right or discriminated against a suspect class, *id.* at 6–7; (5) dismissal was warranted as to a number of defendants who were private parties and thus had not acted under color of state law, *id.* at 7–8; (5) the Court lacked jurisdiction to review the orders issued by the state court under the *Rooker–Feldman* doctrine because plaintiff sought, in essence, to overturn the state court decisions, notwithstanding the fact that he had asserted the same claims in state court and had failed to exercise his right to appeal those decisions within the New York state court system, *id.* at 8–9; and (6) plaintiff's order to show cause was moot, *id.* at 10.

We have carefully considered all of plaintiff's arguments on appeal and have found each of them to be without merit. Accordingly, for substantially the reasons stated by the District Court, the judgment of the District Court is hereby AFFIRMED.

---

* The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.